
FILED
SUPERIOR COURT
OF GUAM

2021 NOV -9 PM 5: 10

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **RICHARD R. QUICHOCHO,**<br><br>Plaintiff,<br>v.<br><br>**JOSEPH S. CARBULLIDO, Acting Director of the Department of Corrections, in his Official Capacity, et al.,**<br><br>Defendants. | **CIVIL CASE NO. CV0429-21**<br><br><br>**DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SETTING A HEARING** |

This matter came before the Honorable Dana A. Gutierrez on August 11, 2021 for a hearing on Plaintiff Richard R. Quichocho's ("Plaintiff") Motion for Appointment of Counsel. Plaintiff was present in person. Attorney Joseph B. McDonald representing Defendant Samantha J. Brennan ("Defendant Brennan") was present via Zoom. Defendant Joseph S. Carbullido was present via telephone. Upon a review of the applicable law, the arguments presented by the parties, and in the interest of judicial economy, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel ("Motion").

## BACKGROUND

Plaintiff is an inmate on Guam at the Department of Corrections ("DOC"). This action arises out of Plaintiff's assertion that the named Defendants have violated Plaintiff's Eighth Amendment, Due Process, and Equal Protection rights by denying needed medical care to

Plaintiff and by providing inadequate medical care. *See* Compl., at 18-22 (Sept. 27, 2021).[1] Plaintiff was diagnosed as a diabetic by a former physician at the Department of Corrections ("DOC"). *Id.* at 3. The incidents giving rise to Plaintiff's Complaint began in or around May of 2019 when the attending DOC physician, Dr. Florencio Lizama, recommended a change in Defendant's diabetes prescription. *Id.* at 4.

Plaintiff alleges that the change in prescription began to cause unpleasant side effects including severe stomach aches and a recurring severe earache. *Id.* at 5. Plaintiff's Complaint details a series of events following his report of these side effects to the attending DOC physician, Defendant Dr. Mark Anderson ("Defendant Anderson"). *Id.* at 2-18. The events include allegations that DOC staff failed to respond to numerous "Remedy Requests" and his "1st Grievance Complaint," and that DOC staff, on multiple occasions, have acted with deliberate indifference toward Plaintiff's serious need for medical care. *Id.* 18-24. Plaintiff further alleges that Defendants Anderson, Brennan, and Antone Aguon retaliated against Plaintiff after being informed that he intended to pursue his legal rights by withholding, delaying, and denying Plaintiff of medical care. *Id.* at 21.

Plaintiff submitted, *inter alia*, his original Complaint and an Application to Proceed Without Prepayment of Fees or Costs on December 31, 2020. However, his Application to

---

[1] Plaintiff's original Complaint ("original Complaint") was stamp filed on May 25, 2021. The Court granted Plaintiff's Motion for Service of Process by Marshals on June 25, 2021. Defendant Brennan was served with the original Complaint on May 28, 2021. As of the date of this Decision and Order, Defendant Brennan is the only named defendant who has made an appearance in this case.

Defendant Brennan filed a Motion to Dismiss on June 16, 2021 in lieu of filing an Answer to the Complaint. In response, Plaintiff filed a Motion to Amend Civil Complaint. On July 23, 2021, the Court granted Plaintiff's Motion to Amend Civil Complaint. Plaintiff filed his First Amended Complaint on September 7, 2021. Thus, in this Decision and Order, when citing to the "Complaint," the Court is referring to the First Amended Complaint, and when citing to the "original Complaint," the Court is referring to Plaintiff's May 25, 2021 Complaint.

Proceed Without Prepayment of Fees or Costs was not approved until May 25, 2021. Therefore, the file stamped date on all the documents submitted to the Court is indicated as May 25, 2021. This case was assigned to the Honorable Dana A. Gutierrez on May 27, 2021.

Simultaneous to Plaintiff's filing of his original Complaint, Plaintiff filed a Notice and Motion for Appointment of Counsel ("Motion"). On June 25, 2021, the Court issued an Order for Briefing Schedule Re Motion for Appointment of Counsel requiring any oppositions to the Motion be filed by July 23, 2021 and any replies be filed by August 6, 2021. Defendant Brennan filed an Opposition to Motion for Appointment of Counsel on July 22, 2021. Plaintiff filed a Response to Opposition to Motion for Appointment of Counsel on August 11, 2021 although it was postmarked for August 6, 2021.

The hearing on the Motion was held on August 11, 2021 where Plaintiff and Defendant Brennan presented oral arguments to the Court. After hearing from the parties, the Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

In support of his Motion, Plaintiff asserts that his knowledge of the law is limited, that his case is complex, and that the Court possesses inherent authority to appoint him counsel. Motion, at 2-3; Min. Entry, at 10:08:00-10:18:00 A.M. (Aug. 11, 2021). Further Plaintiff asserts that due to COVID-19, the law library has not been officially open for inmate use and access has been limited. Response to Opp., at 2.

The Local Rules of the Superior Court require the Court to appoint legal counsel in certain circumstances but grant the Court discretion to appoint counsel in other situations. Appointment of counsel is mandatory for persons financially unable to obtain adequate

3

representation who are "entitled to appointment of counsel under the Sixth Amendment to the United States Constitution, or facing loss of liberty and Guam law, the United States Constitution, or the applicable provision of the Organic Act[.]" MR 1.1.1 (a)(4). Appointment of counsel is discretionary for persons "financially unable to obtain representation" and whose "rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel." MR 1.1.1 (b)(3).

In considering the appointment of counsel for a plaintiff asserting a § 1983 claim, the Ninth Circuit has held that generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Therefore, the mandatory provisions of MR 1.1.1 do not apply to this proceeding. However, Petitioner has alleged that Defendants have violated Plaintiff's constitutional rights giving rise to a § 1983 action. Compl., at 18-22. Thus, if the Court determines that 1) Plaintiff is financially unable to obtain representation; and 2) Plaintiff's rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel, then the Court may exercise its discretion to appoint Plaintiff counsel pursuant to MR 1.1.1(b)(3).

In *Palmer*, the Ninth Circuit held that in the face of a § 1983 action, "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants[.]" *Palmer*, 560 F.3d at 970 (citing 28 U.S.C. § 1915(e)(1) which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). "Neither of these

4

considerations is dispositive and instead must be viewed together." *Id.*

### A.     Likelihood of Success on the Merits.

The Ninth Circuit has indicated that "the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, 2018 WL 5962726, at *4 (E.D. Cal. 2018) (citing *Tilei v. McGuinness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits.")).

To support an Eighth Amendment claim based on inadequate medical treatment, a prisoner must show deliberate indifference to the prisoner's serious medical needs. *Tilei*, 642 Fed. Appx. at 721-22 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006)). Deliberate indifference may include . . . intentionally denying or delaying access to medical care." *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir.2011).

The allegations contained in Plaintiff's Complaint are serious especially in light of the alleged deterioration of Plaintiff's medical condition. Compl., at 15-18 (alleging that his untreated diabetes has caused cataracts and bleeding in his eyes as well as discoloration in his toes and fingers). Plaintiff's central cause of action is based on the claim that Defendants have violated his Eighth Amendment rights "by intentionally and recklessly withholding delaying, or denying Plaintiff his diabetic medications, medical and mental health care, disregarding Plaintiff's serious medical needs, resulting in worsening of existing and continued substantial harm and injury, constituting deliberate indifference for Plaintiff's pro se § 1983 claim." Compl., at 19 (internal citations omitted).

Plaintiff supports this allegation by including detailed citations to exhibits which are

comprised of the numerous Remedy Requests, Grievance Complaints, and Memorandums from the DOC staff members in response to Plaintiff's Remedy Requests, or an allegation that a response was never provided where one is not attached. *See* Compl., at 18-32, Exhibits A-Q.

Notwithstanding the allegations regarding Defendants' actions, Plaintiff admits that he chose to stop taking his prescribed medication prior to consulting with an attending DOC physician. Compl., at 4. Further, Plaintiff admits that his medications were refilled; however, DOC staff informed him that "because plaintiff was non-compliant with the self-medication system, plaintiff is required to receive medications at Infirmary pill line until plaintiff demonstrates compliance with self-medication system." *Id.*, at 10. Plaintiff asserts that he should be issued medication "like everyone else in the inmate population" and that DOC should provide an "alternative physician" to conduct the consultation regarding his lab results. *Id.*, at 22.

"'A difference of opinion' between medical professionals as to the appropriate course of treatment does not amount to deliberate indifference to serious medical needs." *Jessy v. Palacios*, 2010 WL 3702452, at *3 (D. Guam 2010) (where the plaintiff alleged denial of medical treatment and alleged that he did not receive responses to his grievances). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a 1983 claim." *Id.* (citing *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981)).

Therefore, at this stage of the proceedings, although Plaintiff asserts a claim for relief, the Court has some doubts as to whether Plaintiff will be able to succeed on the merits. Further, this factor must be viewed together with the Plaintiff's ability to articulate his claims in light of the

complexities of the case. *See Jessy*, 2010 WL 3702452, at *3.

### B.     Ability to Articulate Claims In Light of the Complexity of the Issues.

Although "deliberate indifference claims involve an interplay of factual and legal issues that is inherently complex," the Court must evaluate the Plaintiff's ability to articulate his claims *pro se* in light of these complexities. *Turner*, 2018 WL 5962726, at *4.

#### 1.     Plaintiff Is Able to Articulate His Claims.

Plaintiff insists that he needs counsel because he is "not knowledgeable in legal matters," however, "[l]acking legal expertise is the norm rather than an exceptional circumstance in *pro se* civil rights cases." Response to Opp., at 3; *Haynes v. Asbury*, 2021 WL 165004, at *2 (S.D. Cal. 2021) (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education)).

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *Palmer*, 560 F.3d at 970 (9th Cir. 2009) (finding that the factor regarding inability to articulate claims *pro se* was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively").

Here, the Court has reviewed the documents filed by Plaintiff in this case including the original Complaint, Application to Proceed Without Prepayment of Fees or Costs, Motion for Service of Process by Marshals, Motion to Amend Civil Complaint, First Amended Complaint, Motion for Appointment of Counsel, and Response to Opposition to Motion for Appointment of

Counsel. In each of these pleadings, the Plaintiff was able to cite to the applicable statutes or court rules as well as relevant case law. His pleadings have been organized by the use of headers, Plaintiff has made clear arguments, and he references his attached exhibits providing evidence to support his claims.

While the Court notes that the litigation to date has not been extensive, these documents demonstrate that Plaintiff is able to articulate his claims and navigate civil procedure without legal assistance, and has done so while facing the pandemic-related challenges of which he complains. *Haynes*, 2021 WL 165004, at *2 (where the plaintiff was able to file nearly identical pleadings to the pleadings in this case and the court held that such filings demonstrated an ability to articulate his claims).

### 2. Limitations Caused by COVID-19 Are Not Sufficient to Appoint Counsel.

The Court is sympathetic to the very real difficulties Plaintiff is likely experiencing due to the COVID-19 pandemic; however, minimal to no access to the law library does not establish exceptional circumstances. *See Haynes*, 2021 WL 165004, at *2. Furthermore, courts in the Ninth Circuit have declined to find that challenges presented by the COVID-19 pandemic establish exceptional circumstances in the context of an appointment of counsel analysis. *See e.g.*, *Haynes*, 2021 WL 165004, at *2; *Pitts v. Washington*, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as

8

lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel . . . The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

While a *pro se* litigant may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Rodriguez v. U.S.*, 2021 WL 1172777, at *1 (E.D. Cal. 2021). Accordingly, the Plaintiff's ability to clearly and effectively articulate his claims in the face of these complexities support a finding that Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel at this stage of the proceedings.

### C.      Denial Is Without Prejudice.

Despite the Court's decision not to appoint counsel at this time, the Court notes that the case may take a direction which could warrant the appointment of counsel in the future. For example, in *Clemons v. Hill*, the Ninth Circuit held that where "without counsel and while incarcerated, [the Plaintiff] was expected to locate a medical expert willing to submit an affidavit on his behalf, manage, discovery for his multi-party multi-claim lawsuit, and conduct a full trial," the trial court should have appointed counsel for the plaintiff. *Clemons*, 743 Fed. Appx. 885, 886 (9th Cir. 2018).

As another example, in *Tillisy v. Washington State Dept. of Corrections*, the district court of Washington held that due to the early stage of the proceedings, the plaintiff had not established extraordinary circumstances warranting the appointment of counsel. *Tillisy*, 2019 WL 1489143, at *2 (W.D. Wash. 2019). The *Tillisy* Court denied the motion for appointment of

counsel without prejudice noting that the plaintiff may file a new motion for appointment of counsel once the case has further developed if he is able to demonstrate the extraordinary circumstances necessary to warrant appointment of counsel. *Id.*; *see e.g., Perkins v. Angulo,* 2020 WL 9065870, at *2 (S.D. Cal. 2020); *Bettys v. Quigley,* 2016 WL 6395134, at *2 (W.D. Wash. 2016) (denying motion for appointment of counsel without prejudice and noting plaintiff may refile if appropriate at a later date).

## CONCLUSION

Accordingly, for the foregoing reasons and in the interest of judicial economy, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel **WITHOUT PREJUDICE**. Plaintiff may file a new motion for appointment of counsel if the case further develops such that Plaintiff is able to demonstrate extraordinary circumstances necessary to warrant appointment of counsel.

A hearing on Defendant Brennan's Motion for Default; Renewed Motion to Dismiss shall be held on **November 29, 2021, at 2:00 p.m.** The hearing shall be held **in person**.

SO ORDERED: _____0 9 NOV 2021_____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_____mcdnald_____

_____
Date:_____ Time:_____
___Joseph Barboa, Jr.___
Deputy Clerk, Superior Court of Guam

10